## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HERSHEY ENTERTAINMENT & RESORTS   CIVIL ACTION
COMPANY,

                           NO.

Plaintiff,

v.

MILESTONE HOTEL PARTNERS, LLC,
HERSHEY HOSPITALITY ASSOCIATES,
LTD., MILESTONE HERSHEY
MANAGEMENT, LLC
and JOHN DOE,

Defendants.

## VERIFIED COMPLAINT

NOW COMES Plaintiff, by and through its undersigned Counsel, and in support of the

within Verified Complaint avers as follows:

## PREAMBLE

This case involves a blatant, intentional infringement on the intellectual property rights of

Plaintiff. The Defendants, individually or collectively, have converted a former BEST

WESTERN® hotel in the Hershey, Pennsylvania area into "The Milton Hotel." This hotel name

is used in almost all instances in conjunction with the word "Hershey," and Defendants have

used Plaintiff's HERSHEY trade names and trademarks in conjunction with this commercial

enterprise. The Internet domain for this hotel is http://www.miltonhotelhershey.com.

As this Verified Complaint alleges, Plaintiff has the unassailable right of ownership and

enforcement of the intellectual property rights alleged herein; Defendants have neither

justification nor license to use Plaintiff's intellectual property; and Plaintiff has uncontroverted

proof of actual consumer confusion over the source and origin of the hotel and lodging services of the Defendants.

As such, Plaintiff's rights to relief are clear, and the harm to Plaintiff is immediate and without an adequate remedy at law. If the conduct by Defendants is not halted immediately, Plaintiff will suffer irreparable harm — and the balancing of harms substantially is in favor of Plaintiff.

## I.     JURISDICTION AND VENUE

1.     This action arises under the trademark laws of the United States and specifically the Lanham Act, 15 U.S.C. §§1051, et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a) and (b).

2.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## II.     PARTIES

3.     Plaintiff Hershey Entertainment & Resorts Company ("HE&R") is a corporation organized under the laws of the Commonwealth of Pennsylvania and maintains its headquarters and principal place of business at 27 West Chocolate Avenue, Hershey, Pennsylvania 17033.

4.     Upon information and belief, Defendant Milestone Hotel Partners, LLC ("Milestone") is a limited liability company organized in the state of Delaware with a service address of 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808, and a business address of 717 Light Street, Baltimore, Maryland, 21230.

2

5.     According to filings with the Pennsylvania Department of State Corporations Bureau, Milestone has registered and owns the fictitious name "The Milton Hotel" with an address of Route 422 & Sipe Avenue, Hershey, Pennsylvania 17033.

6.     Upon information and belief, and pursuant to real estate and public records, The Milton Hotel's real estate and structure is owned by Hershey Hospitality Associates, Ltd., ("HHA") a Pennsylvania limited partnership with a mailing address of P.O. Box 6336, Baltimore, Maryland, 21230 and a registered service agent through CT Corporation, 116 Pine Street, Number 320, Harrisburg, Pennsylvania 17101.

7.     Upon information and belief, and pursuant to public corporate records, Milestone Hershey Management, LLC ("MHM") is the general partner of HHA with a registered service agent address through CT Corporation, 116 Pine Street, Number 320, Harrisburg, Pennsylvania 17101.

8.     Defendant John Doe is a person or entity that owns or is in possession of The Milton Hotel located at Route 422 & Sipe Avenue, Hershey, Pennsylvania, 17033. The fictitious John Doe device is being used because there is a question as to what person or entity actually owns or operates The Milton Hotel. After reasonable investigation, to include discussions with an attorney purportedly representing Defendants, Plaintiff still is unable to confirm the name of opposing counsel's client.

9.     This Complaint involves: (i) the federally registered trademark HERSHEY, Reg. No. 1,455,684, for use with, among other services, hotel, lodging, and resort facility services (the "HERSHEY Mark"); (ii) the applied for use-based mark THE HOTEL HERSHEY, Serial No. 87/447,859, for use with, among other services, hotel, resort lodging and resort hotel services; (iii) the federally registered trademark HERSHEYPARK, Reg. Nos. 1,440,229 and 2,208,822,

3

for use with, among other services, entertainment services; (iv) the federally registered trademark THE SWEETEST PLACE ON EARTH, Reg. No. 4,918,244, for use with, among other services, hotel, lodging, and resort lodging facility services; all of the foregoing registered or filed on the Principal Register of the United States Patent and Trademark Office ("USPTO") (collectively, HERSHEY, THE HOTEL HERSHEY, HERSHEYPARK, and THE SWEETEST PLACE ON EARTH are referred to hereinafter as the "HCCC Marks"); and (v) the common law trademark MILTON HERSHEY. True and correct copies of the certificates of registration of the federally registered marks and the TESS printouts for the pending application are attached hereto as Exhibit "A."

10. The HCCC Marks are owned by Hershey Chocolate & Confectionery Corporation ("HCCC"), a wholly-owned subsidiary of The Hershey Company ("THC"), a Delaware corporation headquartered in Hershey, Pennsylvania.

11. HCCC licenses the HCCC Marks exclusively to THC.

12. THC licenses the HCCC Marks exclusively to MSH South, Inc. ("MSH"), a Delaware corporation which is a wholly-owned subsidiary of HE&R, which in turn sublicenses the HCCC Marks to HE&R for the latter's exclusive use in connection with, among other goods and services, hotel, lodging, and resort facility services, and entertainment services.

13. The HERSHEY Mark originated from the works and business of Milton S. Hershey, who built the town Hershey, Pennsylvania, and is known worldwide as a confectioner and philanthropist.

14. The Hershey Trust Company is a 1905 state-chartered trust created by Milton S. Hershey and Catherine S. Hershey (the "Trust") that serves as the trustee of the Milton Hershey School Trust and the M.S. Hershey Foundation. The Trust has licensed, permitted and/or

4

approved certain requests and commercial uses by Plaintiff and other related Hershey entities created by Milton S. Hershey, including Milton Hershey School and M.S. Hershey Foundation, of the intangible assets of Milton S. Hershey, including the use of his name and likeness.

15.     The HERSHEY brand and products are famous and known, not only in the Commonwealth of Pennsylvania, but also throughout the world.

16.     The HERSHEY Mark was registered on the Principal Register of the USPTO on September 1, 1987, has been in use continuously by HE&R since 1911 in connection with hotel, lodging, and resort facility services, and is incontestable.

17.     The mark, THE HOTEL HERSHEY, has been in continuous use by HE&R since May 1, 1933 with hotel, lodging, and resort services.

18.     The HERSHEYPARK mark was registered on the Principal Register of the USPTO on May 19, 1987, has been in use continuously by HE&R since April 1907 with entertainment services, and is incontestable.

19.     The mark, THE SWEETEST PLACE ON EARTH, has been in continuous use by HE&R since May 13, 1990 with hotel, lodging, and resort services.

20.     The MILTON HERSHEY mark was first used by HE&R, as the name of its largest suite at THE HOTEL HERSHEY, at least as early as September 1998, and has been in continuous use by HE&R since that date (collectively, the HCCC Marks and the MILTON HERSHEY mark are referred to hereinafter as the "Hershey Marks").

21.     As the exclusive licensee of the Hershey Marks, HE&R has the power to enforce the intellectual property rights at issue in this case, and standing to bring this action.

22.     HE&R has spent substantial sums annually on advertising to promote, among other goods and services, the hotel, lodging, and resort facility services offered by it under the Hershey Marks.

23.     HE&R has used the Hershey Marks to identify its services and to distinguish them from those of others by, among other things, prominently displaying the Hershey Marks in advertising and promotional materials for such services, whereby substantial goodwill and reputation in the marks have developed.

24.     In particular, the HERSHEY Mark has been used by Plaintiff with respect to: (i) the HERSHEY® Lodge, which has a business address of 325 University Drive, Hershey, Pennsylvania 17033, but also is located at Route 422 & Sipe Ave, across the street from The Milton Hotel Hershey, (ii) THE HOTEL HERSHEY™, which is located at 100 Hotel Road, Hershey, Pennsylvania 17033, three and one half miles from The Milton Hotel Hershey, and (iii) other properties that are affiliated with or owned by HE&R, including HERSHEYPARK® amusement park, which is two miles from The Milton Hotel Hershey.

25.     As the result of HE&R's continuous and exclusive use, the Hershey Marks have become well known and famous and, based on their public recognition, have acquired distinctiveness for, among other things, HE&R's respective hotel, lodging, and resort facility services, and entertainment services.

26.     In light of the distinctiveness of the HERSHEY Mark, the duration and extent of HE&R's sales, marketing and use of the mark throughout the United States, and the registration of the HERSHEY Mark, it is distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

27.     HE&R's properties, including the HERSHEY Lodge, THE HOTEL HERSHEY, and HERSHEYPARK, host millions of people each year, driving tourism to the Dauphin County region, and specifically, Hershey, Pennsylvania, named by HE&R as THE SWEETEST PLACE ON EARTH.

28.     The Hershey Marks and Milton S. Hershey's name have tremendous drawing power, goodwill, and value that Plaintiff must vigorously protect.

29.     Long after HE&R first obtained rights in, and began using the Hershey Marks, Defendants, separately or together, and without authorization, commenced a promotional campaign for its hotel, which featured HE&R's amusement and entertainment attractions and services using various trademarks licensed to, and used by HE&R.

30.     Specifically, Defendants converted a former BEST WESTERN® hotel into the hotel called "The Milton Hotel," which employs the name "Hershey" in its signage and website, and uses the following promotional language on its website that utilizes, without permission, the Hershey Marks:

> STAY IN COMFORT MINUTES FROM HERSHEYPARK - CONVENIENTLY LOCATED WITHIN MINUTES OF VARIOUS DINING OPTIONS AND RETAIL SHOPPING
> The Milton Hotel Hershey is conveniently located at the intersection of Route 422 and Sipe Avenue, only two miles from Hersheypark and all of the major Hershey attractions. Hershey is known as 'The Sweetest Place on Earth' and is complimented by our courteous and friendly team of hospitality professionals and comfortable accommodations.
>
> You will enjoy amenities such as a daily hot breakfast buffet, complimentary Wi-Fi throughout the hotel. Enjoy our clean comfortable accommodations, fitness center and outdoor pool and hot tub (available seasonally).
>
> Whether your visit brings you to Hershey for business or leisure, you will enjoy the gracious hospitality of our team and the convenience of our location to all Hershey has to offer.

31.     The Milton Hotel Hershey is located in close proximity to HE&R's HERSHEY-branded properties, and its advertisements and website clearly and obviously exploit the Hershey Marks for commercial gain. True and correct copies of marketing materials and signs created and employed by Defendants are attached hereto as Exhibit "B" as if set forth at length herein, which show the unbridled use of the aforementioned marks.

32.     Upon learning of the existence of The Milton Hotel Hershey, on September 7, 2016, HE&R sent a written notice (the "Cease and Desist Letter") to The Milton Hotel Hershey, demanding that it cease using the HERSHEY Mark, among other requests. A true and correct copy of the Cease and Desist Letter is attached hereto as Exhibit "C" and its contents are incorporated herein by reference as if set forth at length.

33.     The Cease and Desist Letter further demanded on behalf of the Trust a cessation of the use of Milton S. Hershey's name in connection with Defendants' joint enterprise.

34.     Counsel for Plaintiff and Defendants immediately engaged in a pattern of discussions that indicated an amicable resolution was possible and that Defendants would comply with the terms of the Cease and Desist Letter by removing infringing signage and other advertising materials.

35.     Plaintiff at all times acted promptly and affirmatively to protect its rights and were led to believe by Defendants that Defendants were in the process of changing their signage and removing any advertising that contained the Hershey Marks or Milton S. Hershey's name.

36.     However, in or about late April, 2017, discussions with Defendants broke down and Plaintiff was left with no choice but to file this action. In short, Defendants mislead Plaintiff as to their intentions and actions and at no time did Plaintiff rest on its rights.

8

37. Despite HE&R's requests, Defendants did not cease their infringing behavior and continue to use the Hershey Marks in its trade names and trademarks and in connection with advertisements and signage for The Milton Hotel Hershey.

38. Additionally, Defendants have obtained listings for "The Milton Hotel" and "The Milton Hotel Hershey" on leading hotel and travel web sites, true and correct copies of three such sites are attached hereto as Exhibit "D" and their contents are incorporated herein as if set forth at length.

39. Not only are Defendants using the Hershey Marks without permission, there are negative online reviews and comments about The Milton Hotel Hershey's quality, cleanliness, and services that tarnish Plaintiff's marks, iconic brands, goodwill, and reputation. True and correct copies of examples of such reviews and comments are attached hereto as Exhibit "E" and their contents are incorporated herein as if set forth at length.

40. Defendants are not now and never have been authorized by HE&R to use the Hershey Marks in connection with its hotel operations at The Milton Hotel Hershey.

41. The Milton Hotel Hershey trade name and trademark contain the famous HERSHEY Mark and is substantially similar to the HERSHEY Mark.

42. The Milton Hotel Hershey trade name and trademark is virtually identical to THE HOTEL HERSHEY and MILTON HERSHEY trademarks.

43. The hotel services with which Defendants employ the name "The Milton Hotel Hershey" are identical to the hotel services offered and sold by HE&R for the past century under the Hershey Marks.

9

44.     Upon information and belief, Defendants advertise its hotel services on the
Internet, which is the same channel of trade in which HE&R markets its hotel, lodging and resort
services.

45.     Upon information and belief, Defendants' customers are the same customers
HE&R has been serving for decades.

46.     Defendants' use of "Hershey" and the Milton Hershey name in connection with its
hotel operations is likely to cause confusion, mistake or deception of purchasers and the
consuming public as to the source or origin of its services. Actual and potential purchasers and
consumers, upon encountering Defendants' website and advertisements bearing the trade name
"The Milton Hotel Hershey" are likely to mistakenly believe that The Milton Hotel Hershey's
services originate with, or are licensed, approved, or sponsored by, or otherwise are affiliated
with or related to, HE&R when such is not the case.

47.     In fact, numerous instances of actual confusion exist. Attached hereto as Exhibit
"F" are transcripts of calls from actual consumers that demonstrate confusion between The
Milton Hotel Hershey and the HE&R properties associated with the Hershey Marks.

48.     Indeed, Defendants operate the Internet domain name
http://www.miltonhotelhershey.com, which was registered on July 28, 2016, but only made live
to the public in 2017, after Plaintiff put Defendants on notice of its claim of infringement (the
"Website").

49.     It is believed and therefore averred that the Defendants' use of the Hershey Marks,
particularly with the Milton Hershey name, separately and together, has caused and will continue
to cause consumers to be confused as to the source of the services offered at The Milton Hotel
Hershey and implies that Plaintiff is affiliated with or has sponsored or endorsed the hotel.

10

50.     It is believed and therefore averred that Defendants, separately or together, knowingly, willfully, and/or intentionally used the Hershey Marks in connection with "Milton" and "Hershey," thereby suggesting Milton S. Hershey's name, without permission for commercial gain in an area adjacent to HE&R's properties, all while knowing that consumers would be attracted to The Milton Hotel Hershey due to a perceived affiliation with HE&R and its HERSHEY-branded properties.

51.     In addition, Defendants' use of "Hershey" in its trade names and trademarks is likely to cause dilution of the famous HERSHEY Mark in that, among other things, consumers will likely associate it with the famous HERSHEY Mark, thereby impairing the distinctiveness of the HERSHEY Mark and lessening the capacity of that mark to identify and distinguish the services of HE&R.

52.     Defendants' acts are willful and intentional and are causing and will continue to cause damage and irreparable harm to HE&R and to its valuable reputation and goodwill with purchasers and consumers.

### COUNT I

### UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)

53.     Plaintiff repeats and re-alleges all other paragraphs of this Complaint as if fully set forth herein.

54.     This claim is for unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

55.     By their unauthorized use of "Milton" and "Hershey" in their trade names and trademarks, Defendants, individually or collectively, are likely to cause consumer confusion or to cause mistake or to deceive as to Defendants' affiliation, connection, or association with

11

HE&R and HE&R's services, or as to approval or sponsorship of Defendants' services by HE&R, in violation of 15 U.S.C. §1125(a).

56.      On information and belief, Defendants' acts of unfair trade practices have been done willfully and deliberately, and Defendants have profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

57.      Defendants' acts described above have caused injury and damages to HE&R, have caused irreparable injury to HE&R's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby HE&R has no adequate remedy at law.

## COUNT II

## TRADEMARK DILUTION UNDER 15 U.S.C. §1125(c)

58.      Plaintiff repeats and re-alleges all other paragraphs of this Complaint as if fully set forth herein.

59.      This claim is for trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), as amended by the Trademark Dilution Revision Act of 2006.

60.      The HERSHEY Mark is distinctive and famous within the meaning of 15 U.S.C. §1125(c), and was distinctive and famous prior to the date that Defendants commenced their wrongful conduct challenged herein.

61.      Defendants' conduct, as described above, is likely to dilute and is diluting the distinctive quality of the famous HERSHEY Mark, in that Defendants' use of The Milton Hotel name, in connection with "Hershey," is likely to create and has created an association with the famous HERSHEY Mark, which impairs the distinctiveness of the HERSHEY Mark and lessens the capacity of that famous mark to identify and distinguish services marketed and sold by HE&R under the HERSHEY Mark.

12

62.     To the extent that Defendants' services are viewed as being less than satisfactory

to consumers, HE&R's business reputation and goodwill and the reputation and goodwill of the

famous HERSHEY Mark are being and will be tarnished and injured.

63.     On information and belief, Defendants' acts of trademark dilution have been done

willfully and deliberately, and Defendants have profited and been unjustly enriched by sales that

it would not otherwise have made but for its unlawful conduct.

64.     Defendants' acts described above have caused injury to and have damaged

HE&R's goodwill and reputation and, unless enjoined, will cause further irreparable injury,

whereby HE&R has no adequate remedy at law.

## COUNT III

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

65.     Plaintiff repeats and re-alleges all other paragraphs this Complaint as if fully set

forth herein.

66.     This claim is for the infringement of a trademark registered at the USPTO,

pursuant to 15 U.S.C. §1114(1)(a).

67.     Defendant's use of "The Milton Hotel," in connection with "Hershey" is

confusingly similar to, and a colorable imitation of the HERSHEY Mark.

68.     Defendants' unauthorized use of "The Milton Hotel Hershey," in commerce as a

source identifier is likely to cause confusion and mistake and to deceive the public as to the

approval, sponsorship, license, source or origin of Defendants' services, all in violation of 15

U.S.C. §1114.

13

69.     Defendants' use of the phrase "The Sweetest Place on Earth" is likely to cause confusion among consumers and was undertaken willfully and for the purpose of usurping the goodwill associated with Plaintiff's exact, registered mark, so as to deceive consumers.

70.     On information and belief, Defendants' acts of trademark infringement have been done willfully and deliberately, and Defendants have profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

71.     Defendants' willful and deliberate acts described above have caused injury and damages to HE&R, and have caused irreparable injury to HE&R's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby HE&R has no adequate remedy at law.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

72.     Plaintiff repeats and re-alleges all other paragraphs of this Complaint as if fully set forth herein.

73.     This claim is for trademark infringement and deceptive trade practices in violation of the common law of the Commonwealth of Pennsylvania.

74.     Defendants' use of "The Milton Hotel Hershey," for its hotel operations constitutes common law trademark infringement of the Hershey Marks, passing off, and deceptive trade practices in violation of common law.

75.     On information and belief, Defendants' acts of common law trademark infringement, passing off, and deceptive trade practices have been done willfully and deliberately, and Defendants have profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

14

76.     Defendants' acts described above have caused injury and damages to HE&R, and have caused irreparable injury to HE&R's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby HE&R has no adequate remedy at law.

COUNT V

**TRADEMARK DILUTION UNDER 54 Pa. C.S.A. §1124**

77.     Plaintiff repeats and re-alleges all other paragraphs of this Complaint as if fully set forth herein.

78.     This claim is for the dilution of trademark and injury to business or reputation under 54 Pa. Cons. Stat. Ann. §1124.

79.     The HERSHEY Mark is famous in the Commonwealth of Pennsylvania within the meaning of 54 Pa. Cons. Stat. Ann. 4 §1124, and was famous prior to the date of Defendants' adoption and use of "The Milton Hotel Hershey," in connection with its hotel services.

80.     Defendants' conduct, as described above, is diluting and will dilute the distinctive quality of the famous HERSHEY Mark, thereby lessening the capacity of the mark to identify and distinguish products and services offered by HE&R under the HERSHEY Mark.

81.     To the extent that Defendants' services are viewed as being less than satisfactory to consumers, HE&R's business reputation and goodwill and the reputation and goodwill of the famous HERSHEY Mark are being and will be tarnished and injured.

82.     Defendants' acts described above have caused injury and damages to HE&R, and have caused irreparable injury to HE&R's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby HE&R has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants, jointly and severally, as follows:

A.    Granting temporary, then preliminary, then permanent injunctive relief restraining Defendants, their officers, directors, agents, employees, servants, attorneys, successors, assigns, employees, contractors and others controlling, controlled by or affiliated with Defendants and all those in privity or active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise:

(1)    from any use of a trade name, trademark or any name, mark or phrase containing "Hershey" used in connection with goods or services related to those with which HE&R uses the Hershey Marks;

(2)    from using the Hershey Marks or any marks confusingly similar to the Hershey Marks;

(3)    from otherwise competing unfairly with Plaintiff;

(4)    from using the name "Milton" in connection with The Milton Hotel; and

(5)    from using the name "Milton" in any signs, advertisements, marketing materials, Internet pages or domains, social media, brochures, interior décor, or any other thing that can be viewed by any consumer.

B.    Ordering that Defendants be adjudged to have violated Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§1114, 1125(a) and 1125(c), to have committed acts of unfair competition, trademark infringement and dilution, deceptive trade practices in violation of state common law and to have caused trademark dilution in violation of 54 Pa. Cons. Stat. Ann.

16

§1124, and further ordering that the foregoing acts by Defendants be adjudged to have been done willfully and deliberately.

  C. Ordering Defendants to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of Defendants' acts of unfair competition, trademark infringement and dilution and deceptive trade practices, the content, nature, form and extent of which is to be approved by Plaintiff and this Court;

  D. Ordering an accounting and a disgorgement of all gains, profits, savings and advantages realized by Defendants from their aforesaid acts of unfair competition, trademark infringement and dilution, and deceptive trade practices;

  E. Awarding such damages as HE&R shall establish in consequence of Defendants' aforesaid acts of unfair competition, trademark infringement and dilution and deceptive trade practices, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate HE&R for its damages, pursuant to 15 U.S.C. §1117(a);

  F. Ordering Defendants to recall from all chains of distribution all promotional materials, advertisements, commercials, infomercials and other items, the dissemination by Defendants of which would violate the injunction herein granted;

  G. Ordering Defendants to transfer the domain name registration for the Website to HE&R, deactivate all other websites and deliver up for destruction any and all promotional materials, advertisements, commercials and other items in the possession, custody or control of Defendants that, if displayed or used, would violate the injunction herein granted;

  H. Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. §1116(a), Defendants shall serve upon HE&R within thirty (30) days after service on Defendants of an

17

injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

      I.      Awarding Plaintiff its costs and expenses of this action;

      J.      Declaring that this is an exceptional case, pursuant to 15 U.S.C. §1117, because of the willful and deliberate nature of Defendants' acts of unfair competition, trademark infringement and dilution and awarding Plaintiff its reasonable attorneys' fees; and

      K.      Granting such other and further relief as this Court may deem just and proper.

          Respectfully submitted,

          SPILMAN THOMAS & BATTLE, PLLC

By: /s/ Rebecca A. Finkenbinder
      Rebecca A. Finkenbinder
      Pa. Id. No. 91422

      Derrick Price Williamson
      Pa. Id. No. 69274

      Julian E. Neiser
      Pa. Id. No. 87306
      (Pro Hac Vice pending)

      301 Grant Street
      One Oxford Centre, Suite 3440
      Pittsburgh, PA  15219

      T: 412-325-1116
      F: 412-325-3324
      E: jneiser@spilmanlaw.com

      **Attorneys for Plaintiff Hershey Entertainment & Resorts Company.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HERSHEY ENTERTAINMENT & RESORTS
COMPANY,

                Plaintiff,

       v.

MILESTONE HOTEL PARTNERS, LLC,
HERSHEY HOSPITALITY ASSOCIATES,
LTD., MILESTONE HERSHEY
MANAGEMENT, LLC
and JOHN DOE,

                Defendants.

CIVIL ACTION

NO.

## **VERIFICATION**

    The undersigned, Meghann L. Garrett, Esq., hereby verifies under penalties of perjury and the requirements of 28 U.S. Code § 1746 that the averments of the foregoing Verified Complaint are true and correct to the best of my knowledge and I am authorized by the Plaintiff to verify the within allegations of fact.

 

                                  _____
                                  Meghann L. Garrett